## LUMMUS COTTON GIN CO. v. MURRAY CO.

No. 8448.

Circuit Court of Appeals, Fifth Circuit.

Sept. 11, 1937.

Charles Mortimer Smithdeal and William Harrison Shook, both of Dallas, Tex., and Henry L. Jennings, of Birmingham, Ala., for appellant.

Jack A. Schley and Irving L. Goldberg, both of Dallas, Tex., for appellee.

Before FOSTER, HUTCHESON and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought this suit against appellant to enjoin infringement of letters patent No. 2,051,550, issued August 18, 1936, to appellee, as assignee of Wm. H. Dodson, the inventor, and for an accounting. The patent was granted for an improvement in cotton gins of the pneumatic type. Appellant denied infringement and pleaded anticipation by prior patents and publications and prior use. The District Court held the patent to be valid and infringed and granted an injunction as prayed for.

There are only three claims in the patent. Claim 1 is as follows: "A cotton gin including, in combination with the floor of a gin house, a gin stand mounted on the floor, a lint duct extending transversely and downwardly in the gin stand to and through the floor, said duct having a continuous fall, whereby the frictional resistance to the downwardly moving cotton is reduced, a flaring transition connected to and extending from the lower end of the lint duct below said floor and relatively to the rear of said gin stand, and a lint flue connected to the outer discharge end of the transition and extending at an angle thereto below the floor, whereby the floor immediately in rear of the gin stand is unobstructed, the lint from the gin stand being conducted in a continuous downward direction, whereby frictional resistance is reduced and the air suction load is lowered."

Claims 2 and 3 are substantially the same, except that No. 2 applies to a battery of gins and No. 3 adds a claim that cyclonic action is eliminated.

There is little or no dispute as to the material facts. All the mechanical elements covered by patent are old in the art. The only thing new is the downward slant of the lint flue and the placing of it beneath the floor. Both the parties to the suit are manufacturers of cotton gins and have constructed them with the lint flues both above and below the floor of the gin house. There was evidence tending to show that cotton gins had been erected with the lint duct placed under the floor of the gin house as far back as 1909. There is no substantial evidence to show that cyclonic action, which has a tendency to mat the lint, is eliminated or materially reduced in a gin constructed according to the patent. In the view we take of the case it is unnecessary to review the patents pleaded as anticipatory.

In the operation of a pneumatic gin cotton in its raw state is fed into a hopper, where it comes into contact with revolving rough-edged discs, called saws, which separate the seed from the fiber. The fiber or lint is then carried by air pressure through flues into a receptacle where it is compressed into bales. It is contended that, by placing the flue under the floor, the back of the gin is not obstructed, affording more easy access to it and facilitating the work of the gin operator. And, by eliminating the accumulation of débris, the fire hazard is reduced. It is also contended that the operation of the gin is more economical, as less power is needed.

It is apparent that whether the flue be installed under the floor instead of on top is simply a matter of convenience and depends upon the construction of the gin house to be practicable. It does not amount to a new mode of operation of the gin. Neither does economy of operation, greater convenience for inspecting the progress of the work, or reduction of the fire hazard affect that result. Combining old devices into a new design does not amount to a new invention. Putting the lint flue under the ginhouse floor involves only mechanical judgment. The conclusion we reach is that the patent is void for want of invention. The following cases are illustrative of the principle to be applied and support this conclusion. Reckendorfer v. Faber, 92 U.S. 347, 23 L.Ed. 719; Heald v. Rice, 104 U.S. 737, 754, 26 L.Ed. 910; Burt v. Evory, 133 U.S. 349, 10 S.Ct. 394, 33 L.Ed. 647; Florsheim v. Schilling, 137 U.S. 64, 11 S.Ct. 20, 34 L.Ed. 574; Duer v. Corbin Cabinet Lock Co., 149 U.S. 216, 13 S.Ct. 850, 37 L.Ed. 707; Powers-Kennedy Contracting Co. v. Concrete Mixing & Conveying Co., 282 U.S. 175, 51 S.Ct. 95, 75 L.Ed. 278; Permutit Co. v. Graver Corp., 284 U.S. 52, 52 S.Ct. 53, 76 L.Ed. 163.

The judgment appealed from is reversed and the case is remanded, with instructions to dismiss the bill.

Reversed and remanded.