## OTIS PRESSURE CONTROL, Inc., et al. v. GUIBERSON CORPORATION.

No. 9226.

Circuit Court of Appeals, Fifth Circuit.

Jan. 15, 1940.

Jack A. Schley, of Dallas, Tex., and Robert M. McManigal, of Los Angeles, Cal., for appellants.

Hastings W. Baker, of New York City, and Neth L. Leachman, of Dallas, Tex., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

A patent infringement suit, the bill of complaint included a claim of unfair competition on behalf of one of the plaintiffs. The patents relied upon in the bill as originally filed included the two involved in this appeal, to Collins, · 1,560,763, for a packing head and blow out preventer, for rotary type well drilling apparatus, issued November 10, 1925; and to MacClatchie, 1,708,316, for a blow out preventer, issued April 9, 1929, and four others.

In the course of the trial, and of the preparation for the appeal, all except the Collins and MacClatchie patents went out of the case. As to Collins the matter was submitted upon Claim 8;[1] as to MacClatchie, upon Claims 3, 4, 10 and 11, defendants denying both infringement and unfair competition, and alleging invalidity of the claims of the patents for anticipation and lack of invention.

After a full trial of the issues, the District Judge upon findings of fact and conclusions of law,[2] which support his judg-

---

[1] 8. "In combination with a fixed head adapted to be mounted upon the top of a well casing of anti-friction bearings supported thereby, a rotative swivel mounted upon said bearings and having a bore formed therethrough for the passage of a kelly, said bore being of materially larger diameter than the kelly, a separable compressible packing element having a bore of a configuration to fit snugly about said kelly and being of such size as to have a seating within the bore of the swivel there being a seat formed within said bore for the reception of the lower end of said packing, a gland movable within the bore of the swivel and adapted to compress said packing, and drawing means for moving said gland forcibly toward said packing, said gland and drawing means being mounted wholly upon and bodily rotative with the swivel."

[2] "Findings of Fact. 1. The MacClatchie Mfg. Co. of California one of the complainants herein, is the owner of the Collins Patent 1560763 and the MacClatchie Patent 1708316, and has granted a license under the said patents to Otis Pressure Control, Inc., another of the said complainants. The third complainant, Herbert C. Otis, has no title to the said patents nor does he have any license thereunder. The said Herbert C. Otis is the owner of the Otis Patent 2052939 and has granted a license under the said patent 2052939 to the said Otis Pressure Control, Inc. The pleadings make no claim that any license has been granted to MacClatchie Mfg. Co. under the Otis Patent 2052939.

"2. The excursion of both the complainants and the respondent into the oilfield business, which though old in other sections of the nation, is comparatively new in this portion of the country, merits commendation rather than condemnation.

"3. The only real principle involved in the sealing of the top of the drill pipe apparatus so that the Kelly may rotate and otherwise work, causing the loosened material in the bottom of the hole to come up and out, and at the same time safeguard machinery, workers and property against pressures encountered, whether steady, or unexpected.

"4. There was a notable prior art in the use of mud columns in the drilling of oil wells and some pioneering in the use of other pressure. The mud column in a form of pressure and the Childs' Patent 1503476 is a fair anticipation of the modern pressure drilling head as well as a large part of the Collins' Patent 1560763 which in turn was fair anticipation of the MacClatchie Patent 1708316.

"5. The types C, D and E pressure drilling heads as manufactured and sold by respondent show a greater lack of similarity from the structures shown in the patents in suit than the devices shown in the said patents in suit differ from the art which preceded them.

"6. The Otis Patent 2052939 covers a combination of a pressure drilling head and an oil saver or stripper provided with flexible faces and mounted below the head. While it is true that respondent circulated an advertisement suggesting such a combination and was therefore a seeker after the thing which the said publication says is being sought, yet the testimony of the witnesses is that the publication of the said circular was an error, was withdrawn, and that the respondent had not manufactured, used or sold the said combination.

"7. The claim for unfair competition was predicated upon the fact that Otis had had the respondent to manufacture

ment, entered a final decree adjudging no infringement, no unfair competition. Appellants are here attacking as unsupported by the evidence, both the decree and the findings upon which it rests. Vigorous, sustained, and pressed with confidence as to the issue of patent infringement, the attack upon the issue of unfair competition is mildly, indeed almost feebly, pressed.

Appellee, concerning itself as little with the unfair competition issue as appellants do, vigorously opposes appellants' attack upon the finding of no infringement and, at the same time vigorously counter attacks upon the validity of the plaintiffs' patents. Insisting in short, that if plaintiffs' patents are valid they are valid only within the narrowest limits, and that as so limited, its device does not infringe, appellants launch a sweeping attack upon the patent claims as completely anticipated, as wholly without merit.

■ Reviewing the findings in the light of the record, and of Rule 52, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, "that findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses," we think it plain that the finding as to unfair competition may not be disturbed, and we pass to a review of the findings on the seriously contested issues of the validity and infringement of the patent claims in suit.

■ Agreeing, at least as to the claims of infringement involved in this suit, with finding No. 4, that the Collins' patent was a fair anticipation of the MacClatchie patent,[3] we take up Claim 8 of the Collins' patent, to inquire as to its validity and whether defendant's device is an infringement of it.

Met on every claim having relevancy to the contest here, with rejections by the examiner on prior patents, the Collins application had hard, but according to appellee, not quite hard enough, sledding in the patent office. Claims 1 to 11 of the application, including of course Claim 7, in combination with 5,[4] were rejected on Childs' No. 1,503,476; in view of Taylor's No. 1,-151,136, or Rigby's No. 696,747, the Examiner stating "both of whom show split packing and a gland for expanding the packing, there would be no invention in providing Childs with these elements." Thereafter, Claims 1 to 11, were cancelled, and Claim 19 which is Claim 8 of the patent, was allowed. Appellee insists that this claim is not distinguishable from re-

---

the Otis pressure head, and that respondent after said manufacture had terminated, had devised the Guiberson types C, D and E pressure heads and had sold the same to the trade. The apparent failure of Otis himself to place his finger upon the evidence of bad faith which he claimed, generally, against the respondent is quite persuasive. Otis feels that he was wronged. He feels that he gave business to respondent and that respondent should not thereafter enter any field that Mr. Otis thinks he has preempted. There is nothing to keep out the effort of the respondent and no legal basis of a charge for unfair competition or bad faith.

"8. There is no determination to declare the patents in suit valid or invalid as this is not at all necessary."

"Conclusions of Law. 1. The manufacture, use and sale of the type C, D, and E pressure drilling heads as manufactured by respondent do not infringe claim 8 of the Collins' Patent 1560763, claims 3, 4, 10 or 11 of the MacClatchie Patent 1708316, or any of the claims of the Otis Patent 2052939.

"2. Since patents 1560763, 1708316 and 2052939 are not being infringed, it is not necessary to rule upon the validity thereof.

"3. There is no legal basis for the charges of unfair competition or bad faith."

[3] MacClatchie himself testified, "that practically the only difference he could see between the MacClatchie patent and the Collins' patent, was that the MacClatchie patent had a side thrust bearing and has pressure operated packing between the swivel and the shell."

[4] "5. In a device of the character described, the combination with a fixed casing adapted to be threaded upon the upper end of the well casing, of a swivel head mounted for rotation therein and having an internal bore and being adapted to have a kelly passed therethrough, a split ring packing adapted to fit together and to lie within the bore of the swivel head, a packing gland adapted to bear upon the ring and means for exerting a drawing action between the swivel head and the packing gland, said packing gland and drawing means rotating bodily with the swivel.

"7. A structure as recited in Claim 5 in combination with an anti-friction thrust bearing between the swivel head and the top of the fixed casing."

jected and abandoned Claim 7. Appellants dispute this. Pointing to what it regards as significant differences, they insist that the claims are quite different. The differences mainly relied on are: in Claim 7, the swivel head is required merely "to have a bore of such size as to permit the kelly to pass through it," but in Claim 8, the bore is specifically stated to be "of materially larger diameter than the kelly;" Claim 7 calls for a split packing adapted "to lie within the bore of the swivel head", Claim 8 not only requires that this packing have "a configuration to fit snugly about the kelly", but it also requires that the packing be of such size as "to have a seating" within the materially larger bore, and further, "there being a seat formed within said bore," for the reception of the lower end of the packing. Other claimed points of difference are that Claim 7 was indefinite, whereas Claim 8 was made more definite and necessarily more restrictive than Claim 7.

That there is nothing new or patentable, in a packing head and blow out preventer for rotary type well drilling apparatus, as such, is conceded. Collins in his application declares that he had invented certain new and usable improvements in those devices. It is, therefore, plain that if there is invention here, it is necessarily of a very narrow and limited order, and if the claim of the patent is to avoid the defense of anticipation it must be restricted to a most narrow scope. The District Judge with this in mind concluded that he need not determine the issue of patentability, for considering the narrow scope of plaintiff's patent and the small field, if any, preempted by it defendant's structure, though closely approximating, did not infringe that of plaintiff. Concluding that, limited as plaintiff's patent claim was, there was room enough in the crowded field in which plaintiff's and defendant's devices operated, for them both. He let the matter go at that, and though he had intimated that he thought Collins anticipated by Childs, he refrained from so holding. We do not think that this will do. It is true enough that in regard to matters of which much account is taken in the briefs, configuration of the pressure head, the ability, with the use of defendant's pressure head to draw the collars through the packer without loss of well pressure, and other matters not dealt with in the claim in suit, plaintiff's and defendant's devices are different. It is true, too, that if defendant's testimony is to be believed, its device affords a better practical solution of the difficult problem connected with getting drill pipe out of a well which has been drilled into a high pressure formation. Defendant's pressure head is such that the collars may be drawn through the packer without loss of well pressure, until the bit is above the usual master gate; while with plaintiff's device, the driller could not raise his drill above the master gate, so that he could shut off his well, unless he used some other device, oil savers, which defendant does not have to use.

The patent claims in suit are not concerned with such matters. What is claimed is a described device for forming a pressure seal to prevent well fluids flowing out of wells and that, because of features peculiar to it, it is a patentable advance beyond the prior art. As to the device features described in the claim, we think it plain that if the claim of the Collins' patent in suit is valid as against the prior art, it must be held that defendant has infringed. For, the patent claims read, substantially, if not exactly on his device as claimed. But we think it perfectly clear that the patent is not valid. The weakness of the claim appears, we think, plainly in the distinctions without a difference, which appellants point to between the cancelled and abandoned Claim 7, and Claim 8, as allowed. It is elementary that patents are not allowed for mere mechanical advance. There must be something more than that to support the monopoly offered by the patent laws, and when properly claimed, granted by a patent. Upon undisputed facts, plaintiff's device is in a field which was wholly crowded with similar devices. In such a field, an applicant who would successfully claim a patent monopoly for a new device must clearly show an advance evidencing invention and not mere mechanical expertness. Johnston Formation Testing Corp. v. Halliburton, 5 Cir., 88 F.2d 270; Carbide & Carbon Chemical Corp. v. Texas, D.C., 21 F.2d 199; Affirmed, 5 Cir., 31 F.2d 32; Atlas Trailers & Water Mufflers v. Gray's Iron Works, D.C., 43 F.2d 191.

We think it plain that the action of the Examiner in rejecting, on Childs and the other patents he cited, the claims he did reject in the Collins application was right, and that it was right too, on numerous other patents in the record, not cited by him. We think it equally plain that he was

wrong in not rejecting Claim 8 also as anticipated. While, therefore, we do not agree with the District Judge that appellants', Collins and MacClatchie patents, if valid, were not infringed, we think it plain that they were not valid, and that his judgment was right, though not for the reason he gave. It is affirmed.

Affirmed.