## W. D. HADEN CO. v. MATHIESON ALKALI WORKS, Inc.

### No. 9682.

Circuit Court of Appeals, Fifth Circuit.

Sept. 13, 1941.

Rehearing Denied Oct. 13, 1941.

Daniel L. Morris, Robert S. Blair, and John C. Blair, all of New York City, Edward Rightor, of New Orleans, La., and Clement M. Moss, of Lake Charles, La., for appellant.

William H. Davis, Leslie B. Young, and Raymond F. Adams, all of New York City, E. Howard M'Caleb, of New Orleans, La., and Thos. F. Porter, of Lake Charles, La., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, W. D. Haden Co., hereafter called plaintiff, brought this suit against appellee, Mathieson Alkali Works, Inc., hereafter called defendant, alleging infringement of United States letters patent No. 1,896,403 issued to Cecil Rhea Haden, on February 7, 1933, of which plaintiff is the owner by assignment. The complaint prayed for an injunction and accounting. The patent covers a process of making lime from oyster shells. Defendant denied infringement and alleged the invalidity of the patent. As shown by a bill of particulars, plaintiff to show infringement relies upon acts of defendant, which are steps and procedure it has followed in the treatment of oyster shells to manufacture lime and related products.

The patent describes the apparatus intended to be used by drawings and states as follows: The invention relates to the process of producing lime by calcining of oyster shells. One of the objects of this invention is to devise a process of treating and calcining oyster shell so as to obtain therefrom a lime containing a minimum amount of impurities. Another object of the invention is to provide an apparatus and equipment whereby the process may be successfully carried on. There are 9 claims. Claim 4 is: A process of making lime including washing, crushing and screening oyster shells to reduce all the pieces to a substantially uniform size, removing all particles of less than a prede-

termined size, and calcining these pieces in a rotary kiln where they are free from contaminating materials.

Claim 5 is: A method of making lime including crushing oyster shells to a uniform size so that they may be subjected to a uniform heat, washing the crushed shells to eliminate deposits of foreign material opened by the crushing operation, sizing the washed shells and burning the shells for a predetermined period to produce lime.

Claim 6 is: A process of making oyster shell lime including sizing the shells between a predetermined minimum and maximum, washing the shells to remove adhering substance, calcining the sized shells while the shells are being agitated in the presence of a non-contaminating heating media, and cooling the calcined product.

Claims 1, 3, 7, 8 and 9 all include the crushing of the shells to a definite size as substantially as set out in claims 4 and 5 and 6, quoted above. Claim 2 is: A process of making lime including washing and crushing oyster shells, screening and washing the crushed shells to eliminate small particles and to remove deposits of foreign material opened by the crushing, and burning the remaining shell portions in a kiln to convert them from carbonates to oxides. Claim 2 is the only one which does not mention sizing the shells.

The District Court in a well considered opinion gave his reasons for rendering judgment and made comprehensive findings of facts. He held "crushing" as used in claim 2 was qualified by the other claims to mean sizing and found claims 6 to 9 inclusive to be valid. However, he also found that they had not been infringed, holding that the process, except the sizing of the shells, was composed of old elements and entered judgment dismissing the complaint.

The following appears from the record. Oyster shells are found in large quantities in reefs in the gulf coast area of Louisiana and Texas. They are rough on the outside, with ridges, which become filled with sand and silt. As the shells increase in size to accommodate the growth of the oyster these ridges and the dirt clinging to them become part of the shell, the dirt in a stratum between the laminations of the shell. To make high grade lime out of the shells it is necessary to eliminate this dirt so far as possible. Plaintiff uses a suction dredge fitted at the mouth of the suction pipe with a rotary cutter to loosen the shells in the reef. This cutter breaks the shells to some extent. They are then carried in the stream of water to a rotary washer, where all the dirt from the outside of the shell is washed away. In the course of the process they are thrown against baffle plates, which breaks some of them into smaller pieces and are then put through a crusher, which reduces them to still smaller pieces of approximately the same size. After that they are burned in a rotary kiln at a high temperature to reduce the shells to lime. In burning the shells it is necessary that they be not under burned or over burned. If under burned some of the pieces of shell are not reduced to powder and if over burned lumps in the nature of clinkers develop in the amalgamation of the lime. Both of these results interfere with the manufacture of a pure lime.

Defendant uses substantially the same process in treating the shells before burning except that it does not use the crusher to reduce them to uniform size. It takes them direct to the kiln after they have been thrown against the baffle plates and washed. Plaintiff's lime is about 96 per cent pure while defendant's lime is only about 90 per cent pure.

 It is true a process can not be anticipated except by a process. But the apparatus described as proper to be used in the operation of the process may be material, and the claims of the patent may be read in the light of the specifications. Motion Picture Patents Co. v. Universal Film Manufacturing Co., 243 U.S. 502, 510, 37 S.Ct. 416, 61 L.Ed. 871, L.R.A.1917E, 1187, Ann.Cas. 1918A, 959. Cf. Carnegie Steel Co. v. Cambria Iron Co., 185 U.S. 403, 22 S.Ct. 698, 46 L.Ed. 968. It is plain that the patent in suit contemplates the reduction of the pieces of shell to a uniform size to facilitate the burning process and is a material and important part of the process of converting them into lime of a high degree of purity.

 Claim 2, which includes crushing of oyster shells must be read in connection with the other claims. The breaking of the shells by the rotary cutter and throwing them with great force against the baffle plates could not be considered crushing them to uniform size within the meaning of the patent. Since crushing is no,

part of the process used by defendant we agree with the District Court that the patent was not infringed. We also agree that the crushing of the shells to a uniform size is something new in the art and the patent to that extent is valid.

The judgment is affirmed.