**BUTEX GAS CO. et al. v. SOUTHERN STEEL CO.**

No. 9890.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1941.

Jack A. Schley and J. C. Muse, Jr., both of Dallas, Tex., for appellants.

S. Austin Wier, of Dallas, Tex., Jas. F. Bobbitt, of Houston, Tex., and Charles M. Dickson, of San Antonio, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was on Claims numbered 1, 3, 5, 11, 12, and 17, of United States Patent Number 2121675, "combination fitting for gas dispensing systems", for damages for and injunction against, patent infringement. The defenses were (1), a denial of invention in, and therefore of the patentability of, the device exhibited in the patent, (2) anticipation, and (3) a denial of infringement. There were findings of fact and conclusions of law that the claims were valid and infringed, and a judgment awarding plaintiff damages and an injunction.

Defendants, assigning various grounds of error, have appealed. But they really pitch their fight on the fundamental proposition that every element in plaintiff's combination is admittedly old and that the mere mounting of the valves, fittings, etc., on one unitary fitting, is mere aggregation, it is not and cannot be invention.

Sharply defining their contention, they point (1) to the statement in the patent, "The main idea is to combine all of the necessary valves, gauges, and other safety appliances, in a single accessible unit, eliminating the necessity of assembling many separate appurtenances and the possibility of installing the various valves in the wrong order or relation to each other"; (2) to the answer of the inventor, White, to the question, "Well, then your contribution here, what you conceived as an invention, was to take all these valves which in themselves were old, and mount them on

one unitary fitting where they would all be assembled in close relationship and convenience?", A. "I believe that expresses it."; (3) to the great generality of the language of the claims; and (4) to the language of the decree giving them equally broad application. Urging that the effect of this decree is to give to a combination patent, all of the elements of which are old in use in the particular industry, and the novelty in which, if any, consists only in a different mechanical arrangement of elements producing no different result, but a mere aggregation, a monopolistic scope and wideness which in effect puts a roof over the whole butane gas industry, they insist that it may not stand. We agree with appellants. It is not necessary to set out what the record shows as to the state of the industry and the prior art, or to analyze the patents relied on as anticipation. For the contention on which plaintiff prevailed below is summarized in the question and answer set out above. In its light, the record, of nearly 1,000 pages, 600 pages of testimony and 300 of exhibits, dealing with the butane gas and allied industries, the activities of plaintiff and defendants in such industries, the patents in suit and those cited. as anticipation, really adds up to this, that plaintiff claimed and was allowed a construction of its patent, and a decree which lays a comparatively new industry under complete and comprehensive tribute, to the owner of a patent on an aggregation of elements, no one of which is novel, either in itself or in its use in the aggregation, upon a claimed novelty in the combination as thus stated by its inventor: "My invention consists of a unitary fitting which brings all of these elements together in a compact relationship." It will be noted that the invention claimed is not some particular, but any arrangement in a unitary fitting. The effect of the broadness of the claim is that because White first used a unitary fitting, no one else may do so without paying White, no matter what difference in arrangement of the parts there may be, or what improvements may result from such difference in arrangement. In short, the simple question presented is, is there invention in putting the customary valves, fittings, etc., required in connection with the storing and distribution of a gas, like butane, in a unitary head on one pipe or riser, instead of having them distributed over two or three pipes or risers.

The grant of a patent is presumptive evidence of its validity and the finding of the District Judge as to a fact is entitled to great weight. But when the full facts as to what constitutes the invention are, as here, undisputed, it remains at last, for this court, giving due regard to the weight to be given to the grant of the patent and the finding of invention by the District Judge, to examine the record for itself and to determine whether, within the meaning of the statute conferring patent monopoly, there is, invention and therefore patentability. The presumption of patentability which attends the grant of a patent cannot survive in the face of undisputed facts showing that there is no invention. Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 31, 50 S.Ct. 9, 74 L.Ed. 147.

So examining the record, we think it plain that this is a case like that dealt with in Grinnell Washing Machine Co. v. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 549, 62 L.Ed. 1196, of a combination of old elements involving no new co-operative function and producing no new result other than convenience and economy. There, all the elements of the patent were old. There, it was claimed that the "simultaneous washing and wringing with the operation of the control handle, for the purposes stated, embraced the advances alleged to have been accomplished upon the prior art." The Supreme Court said: "In this view it is unnecessary to particularize the prior patents disclosed in the art. The question is, does this bringing together of old elements accomplishing the purposes stated, amount to that combination which is invention within the meaning of the patent law * * * it is not always easy to decide this question * * *. Generally speaking, a combination of old elements in order to be patentable must produce by their joint action a novel and useful result, or an old result in a more advantageous way." After quoting from several opinions of the Supreme Court to the effect that the results must be a product of the combination and not a mere aggregate of several results, the court said: "Applying the rule thus authoritatively settled by this court, we think no invention is shown in assembling these old elements for the purposes declared. No new function is 'evolved from this combination;' the new result, so far as one is achieved, is only that which arises from

the well-known operation of each one of the elements. * * * From the cooperation of the elements here brought together, no new result, involving the exercise of the creative faculty which is invention is achieved. Phillips may have produced a more convenient and economical mechanism than others who preceded him, but superiority does not make an aggregation patentable. * * * The assemblage of the old elements, and their operation in the manner indicated may save time, and the mechanism may meet with a readier sale than other similar devices, but these things may result from mechanical skill and commercial enterprise, and do not necessarily involve invention." Cf. Atlas Trailers & Water Mufflers v. Gray's Iron Works, D.C., 43 F.2d 191, affirmed 5 Cir., 54 F.2d 1075; Carbide & Carbon Co. v. Texas Co., D. C., 21 F. 2d 199, affirmed, 5 Cir., 31 F.2d 32.

■ We have had frequent occasion to consider combination patents and have uniformly applied the rule, that patents on simple combinations should be difficult to obtain and if sustained, they should be confined within strict limits. Under the influence of this principle we have often sustained such a patent as valid, while finding no infringement, because when narrowly confined to its claims, the proof has not overcome the presumption of patentability which attached to the patent claim. Hughes v. Magnolia Petroleum Co., 5 Cir., 88 F.2d 817; Edwards v. Johnston Formation Corp., 5 Cir., 56 F.2d 49; Haden Co. v. Mathieson Alkali Works, Inc., 5 Cir., 122 F.2d 650; Price-Trawick, Inc., v. Gas Lift Corp., 5 Cir., 101 F.2d 134. If, therefore, the plaintiff's claims here were limited precisely to the particular form of the arrangement employed, if in short, the claims were, that the particular form of the arrangement constituted the invention and not, as the claims of the patents are, to a monopoly on the use of unitary fitting without regard to the form, we might, though we would still have grave doubts as to whether such an arrangement was a patentable combination or a mere aggregation, be able to agree with the District Judge that defendant had not overthrown the patent. But when, as here, the claims are broadly written and broadly construed to monopolize the use of a unitary device, in a butane gas distribution system, that is, the assembling on one stem or riser with a unitary fitting of the different valves, fittings, etc., long used in the industry, the only difference being the use of one instead of a plurality of risers and a unitary fitting instead of a plurality of fittings, plaintiff finds itself defeated by the sweeping broadness and greatness of its claims. Cases decided in this circuit, very close to this one are: Lummus Cotton Gin Co. v. Murray Co., 5 Cir., 92 F.2d 69; Otis Pressure Control v. Guiberson Corp., 5 Cir., 108 F.2d 930; Atlas Trailers & Water Mufflers v. Gray's Iron Works, D.C., 43 F.2d 191; Carbide & Carbon Co. v. Texas Company, 5 Cir., 31 F.2d 32; Johnston Formation Testing Co. v. Halliburton, 5 Cir., 88 F.2d 270. In the Lummus case, the District Judge found the patent valid and infringed. We reversed on the ground that there was a mere aggregation of old elements into a new combination, not exhibiting nor amounting to a new invention, but exhibiting only the exercise of mechanical judgment, and that, therefore, the patent was void for want of invention. In the Otis Pressure case, the District Judge found the patent valid but not infringed. We disagreed. We thought it clear that if the claims in suit were valid, infringement had been made out, but we thought it equally clear that the patent was not valid. We said [108 F.2d 933]: "It is elementary that patents are not allowed for mere mechanical advance. There must be something more than that to support the monopoly offered by the patent laws, and when properly claimed, granted by a patent. Upon undisputed facts, plaintiff's device is in a field which was wholly crowded with similar devices. In such a field, an applicant who would successfully claim a patent monopoly for a new device must clearly show an advance evidencing invention and not mere mechanical expertness."

■ The other cases cited were decided on similar considerations. In this view, it is not necessary for us to particularly consider whether, as defendant claims, defendant's device was anticipated, in any of the patents pleaded as anticipation or was in prior use in the device testified to by Stroud. It is sufficient to say that in the state of the gas dispensing industry, to substitute one stem or riser with a unitary fitting, carrying the necessary fittings, valves, etc., on it for the two, three, or four, stems or risers already in use, is not invention, so as to entitle the

one who first advances the use of a unitary device, to a complete monopoly of that use in that field. The patent claims sued on are invalid for want of invention, the judgment is reversed and the cause is remanded with directions to dismiss the bill.

Reversed and remanded.