500

John M. Spellman, of Dallas, Tex., for appellant.

David P. Wolhaupter and Emory L. Groff, both of Washington, D. C., and John Butera, of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Joseph A. Gage and Ben H. Johnson were issued Letters Patent No. 1,654,871 for a "Machine for Putting Up Tamales". The patent was issued January 3, 1928, on an application filed February 3, 1925. On March 11, 1940, Gage and Johnson filed suit against Felix L. White trading under the name of Champion Chili Company, charging infringement of Claims 2 and 3 of their patent and seeking damages, an accounting, and an injunction. A trial was had, and after a full hearing the court made findings of fact and conclusions of law and held the contested claims to be valid and infringed. The judgment provided that the plaintiffs recover for "profits, gains, and advantages" which the defendant had derived, and all damages suffered "by reason of said infringement". A permanent injunction was issued against the defendant, and a Master was appointed to make findings and state the account as to gains, profits, and advantages, and to assess the damages.

The file wrapper discloses that after the filing of the application for letters patent by Gage and Johnson, the Examiner rejected all claims as being not patentable and made citations of various other patents to show that the Gage and Johnson machine and its structure and functions had been anticipated by the prior art. Amendments were made to the application, but the claims were again rejected by the Examiner, who made an additional patent reference as to the state of the prior art. After further amendments and cancellations and substitutions of claims, Gage and Johnson were finally issued Letters Patent No. 1,654,871 containing three claims. The claims now in suit are as follows:

"2. In a machine of the class described, mechanism for carrying a continuous length of wrapper, mechanism for feeding a continuous length of material on the wrapper, a folder along which the wrapper and the material pass, the folder embodying means for engaging the wrapper about the material when the wrapper and the material are advanced, and driven means for shifting the material within the wrapper and with respect to the wrapper, thereby to form creases in both the wrapper and the material at spaced points, said driven means constituting mechanism for advancing the wrapper and the material through the folder.

"3. In a machine of the class described, mechanism for carrying a continuous length of wrapper, mechanism for feeding a continuous length of material on the wrapper, a folder along which the wrapper and the material pass, the folder embody-

ing means for engaging the wrapper about the material when the wrapper and the material are advanced, driven means for shifting the material within the wrapper and with respect to the wrapper, thereby to form creases in both the wrapper and the material at spaced points, and means for severing the wrapped material at divers of the creases, said driven means constituting mechanism for advancing the wrapper and the material through the folder and with respect to the severing means."

While the Gage and Johnson machine was intended and used for the manufacture of tamales, Gage and Johnson were not pioneers in the field, and were not the first to discover and disclose the combination or means for supplying plastic edible materials to a moving web, folding the web over the material, and subsequently cutting the web into lengths. Compare the prior patents: MacDonald, No. 1,485,141, February 26, 1924, a packaging machine; Heeren, No. 199,645, January 29, 1878, a machine for putting up medical powders; Jacobs, No. 817,854, April 17, 1906, a candy cutter; Winfrey, No. 1,271,406, July 2, 1918, a machine for making tamales; Laskey, No. 1,242,562, October 9, 1917, candy making machine; Robinson, No. 702,591, June 17, 1902, powder filling and folding machine; and Knott, No. 993,255, May 23, 1911, wrapping machine.

We are constrained to believe that in the light of the prior art the Gage and Johnson patent brings to light nothing new, save and except that in the manufacture and preparation of tamales for canning, the machine by a combination of elements shifts the tamale material enclosed in the wrapper and creases the wrapper and its contents at a plurality of intervals after which the wrapper and its contents are cut into units. As shown by the testimony and the explanation in the file wrapper, the creasing operation permits two tamales to be "doubled together at the crease, this helps to hold the paper in place."

Combining old devices into a new design through mere mechanical expertness does not constitute patentable invention. Lummus Cotton Gin Co. v. Murray Co., 5 Cir., 92 F.2d 69. The Gage and Johnson machine is of doubtful patentability, and it is quite clear that the patent would have fallen down completely because of the prior art had it not been for the fact that the Patent Office on reconsideration granted the patent on narrow grounds, and limited the claims to the manner and means of shifting the tamale material within the wrapper "thereby to form creases in both the wrapper and the material at spaced points, and means for severing the wrapped material at divers of the creases." At most the patent is for a combination of elements, and the state of the prior art, the repeated objections and rejections by the Examiner, and the subsequent changes and amendments of the application make it clear that the patent issued to Gage and Johnson was very narrow and limited in its scope. The proof has not been sufficient to overcome the presumption of validity which attached to the issuance of the combination patent, nevertheless the claims in suit must be confined strictly and within narrow bounds to the specific combination claimed. Hughes v. Magnolia Petroleum Co., 5 Cir., 88 F.2d 817; Butex Gas Co. v. Southern Steel Co., 5 Cir., 123 F.2d 954. Decision, therefore, turns upon the question of whether or not White and the Champion Chili Company have infringed the limited claims of the Gage and Johnson patent.

White's machine, which is alleged to infringe the Gage and Johnson patent, is described in Letters Patent No. 2,142,468 for a "Machine for Making Hot Tamales and Other Food Products", issued to White on January 3, 1939, pursuant to an application filed August 8, 1938. The Gage and Johnson patent was cited by the Examiner in the proceedings prior to the issuance of the White patent. In those proceedings White insisted that the Gage and Johnson patent was directed to the detail of "creasing the wrapper and contents at a plurality of intervals, after which the wrapper and contents are cut into units each with a crease intermediate its ends permitting the tamale to be folded over." It was also pointed out that the White machine did not crease at all, but that it simply cut the wrapper and its contents into single lengths in one quick operation which cut the wrapper and material and folded the end over so as to retain the contents. Thereafter, White was issued his limited combination patent.

Without going into detail, the White machine, although containing several of the unpatentable features of the Gage and Johnson machine, does not attempt to form creases in the wrapper so as to permit the tamale to be folded over. It simply cuts the wrapper and its contents into

502

separate lengths with the ends of each unit slightly folded so as to retain the contents of the package, and this operation is performed with knives in a novel, quick-severing and folding device, altogether unlike the process of the Gage and Johnson machine.

 When we come to consider the limited and narrow field of operation granted to Gage and Johnson in their patent, we hold that on this record the limited claims are valid, but that the defendant's machine and his practices in and about its use do not constitute infringement of that patent.

The judgment is reversed and the cause is remanded with directions to dissolve the injunction, discharge the Master, and dismiss the cause.

Reversed and remanded.