**Walter F. ROTHE, Appellant,**

v.

**FORD MOTOR COMPANY, Appellee.**

**No. 14161.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 19, 1958.

Decided March 13, 1958.

Mr. Carl L. Shipley, Washington, D. C., for appellant.

Mr. Robert G. Harris, Dearborn, Mich., of the bar of the Supreme Court of Michigan, pro hac vice, by special leave of Court, with whom Mr. Leo A. Rosetta, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN and BURGER, Circuit Judges, and JACKSON, a Senior Judge of the United States Court of Customs and Patent Appeals.*

JACKSON, Judge.

This is an appeal from a Summary Judgment under Fed.Rules Civ.Proc. rule 56(b) and (c) 28 U.S.C.A., rendered by the District Court of the District of Columbia in which Design Patent 155,-452, issued to Walter E. Rothe for "Design for a Combined Grill, Hood, Fenders, and Bumper for Automobiles" was held to be:

1. invalid for want of invention,

2. invalid for want of novelty,

3. even if valid, not infringed by the structures of appellee herein.

Appellant's design is directed towards the entire frontal configuration of an automobile. The dominant feature is the grill which is generally in the shape of an enlarged question mark, the upper end of which originates beneath the hood and curves upwardly, thence downwardly and out to a point below the top of the bumper in a generally scoop-like appearance. The grill consists of a plurality of vertical bars also in the question mark shape. The headlights are flat-faced with deeply undercut sides. The bumper itself is an arcuate configuration having four guards and an auxiliary bar joining the two inner guards below the main bumper.

The allegedly infringing design is the front configuration of the 1955 and 1956 Ford automobiles. The 1955 and 1956 Ford have pronounced "eyelids" over the headlamps, no undercut on the sides of the headlights, a "U" shaped "checkerboard" design grill which terminates above the front bumper. The sides of the grill piece have pronounced arcuate cuts to encompass parking lights. The bumpers have two guards and no auxiliary bar as does appellee's design.

Appellee's main assignment of error appears to be the granting of a Summary Judgment by the District Court, thus, denying him a jury trial. The findings of want of inventive novelty, lack of infringement, and the weight of the evidence, are attacked as well.

We shall consider the merit of the award of Summary Judgment first.

In arriving at its decision, the trial court had before it appellee's Motion for Summary Judgment, the deposition of appellant-patentee and the prior art relied upon by appellee, plus a motion by appellant in opposition.

Appellant vigorously contends that the trial court usurped the function of the jury in resolving allegedly disputed facts in favor of appellee since the facts were in dispute.

It is argued 35 U.S.C.A. § 282, has established a presumption of validity as to design patents and the court may not dispose of that presumption by undertaking to assume that appellee has successfully rebutted the presumption and maintained its burden of proving the patent invalid before any evidence is presented at trial.

It is urged that 35 U.S.C.A. § 282, automatically carries the issue of validity to the jury.

There are many outstanding authorities holding that validity and infringement in certain situations are questions of law, not of fact, and questions of law may be decided by the court in Summary Judgment proceedings.

---

* Sitting by designation pursuant to the provisions of § 294(d) of Title 28 U.S.C.A.

In Heald v. Rice, 104 U.S. 737, 26 L. Ed. 910, it was stated that if on the face of the instruments in evidence it appears no extrinsic proof is needed to explain the terms of art so that the court is able from mere comparison to say what the invention described in the instruments is, and to affirm such by mere comparison that the inventions are not the same, then the question of identity is pure construction, and not of evidence, and consequently is a matter of law for the court to decide without any auxiliary matter of fact to be passed upon by the jury. Similar statements of the law are found in Market Street Railway Co. v. Rowley, 155 U.S. 621, 15 S.Ct. 224, 39 L.Ed. 284; Richards v. Chase Elevator Co., 158 U.S. 299, 15 S.Ct. 831, 39 L.Ed. 991; Singer Manufacturing Company v. Cramer, 192 U.S. 265, 24 S.Ct. 291, 48 L.Ed. 437; and Sanitary Refrigerator Company v. Winters, 280 U.S. 30, 50 S.Ct. 9, 74 L.Ed. 147. The rule was summarized in United States v. Esnault-Pelterie, 303 U.S. 26, 30, 58 S.Ct. 412, 414, 82 L.Ed. 625, wherein the court stated:

> "* * * that where, with all the evidence before the court, it appears that no substantial dispute of fact is presented, and that the case may be determined by a mere comparison of structures and extrinsic evidence is not needed for purposes of explanation, or evaluation of prior art, or to resolve questions of the application of descriptions to subject-matter, the questions of invention and infringement may be determined as questions of law."

A further discussion of the law is presented in Hanovia Chemical & Mfg. Co. v. David Buttrick Co., 1 Cir., 127 F.2d 888.

█ We believe the authorities clearly point out the propriety of determining validity or infringement by Summary Judgment under the present rules. With respect to validity, in Vermont Structural Slate Company, Inc., v. Tatko Brothers Slate Company, 2 Cir., 233 F.2d 9, 10, it was stated:

> "* * * The prior art and the patent claims are, without expert aid, easily understandable by anyone of the most modest intelligence. Nor did it require expert testimony to make it plain that the differences between the prior art and the patent claims were obvious to persons having ordinary skill in the trade at the time the alleged invention was made."

We believe those words are applicable to the instant situation.

Appellant relies heavily on Hycon Manufacturing Company v. H. Koch & Sons, 9 Cir., 219 F.2d 353, but that case may be distinguished on its facts in that the patent was held to be valid in the Summary proceedings. Evidence on the question of invalidity had been excluded and the distinction is obvious.

█ In his argument against the validity of the Summary Judgment proceedings, appellant vigorously argues concerning the "presumption of validity" attaching to an issued patent as raising a question of fact. Appellee has correctly pointed out that the presumption of validity is hardly more than a procedural device to establish a *prima facie* case that cannot survive in the face of undisputed facts showing there is no invention. Butex Gas Co. v. Southern Steel Co., 5 Cir., 123 F.2d 954.

Appellant urges that the court should have appellant's evidence before it on consideration of appellee's motion. Timely presentation of such evidence was entirely within appellant's control. Opposing affidavits are expressly permitted by rule 56(c), yet none appears to have been presented in the instant case, see Baumler v. Ford Motor Co., D. C.Minn., 89 F.Supp. 218. Appellant's motion in opposition to the Summary Judgment proceedings is hardly more than a statement that he believes there are issues of fact. The District Court, and we, think otherwise.

The question then resolves itself to a consideration of the evidence presented at the Summary Judgment proceedings

'to see if such supported the District Court's findings. There is no question that the evidence introduced antedates appellant's patent. The references show concave grills composed of bars diverging towards the bumper (which appears to be the dominant portion of appellant's design) as well as other features shown by the patent.

■ We are of the opinion that Summary Judgment proceedings were proper in the instant situation and that the prior art clearly anticipates the patent and thus hold the patent to be invalid for want of novelty and invention.

■ We further hold that the District Court correctly concluded that appellee's Ford automobiles are not similar to appellant's design and that there is clear and convincing proof that reasonable men would find no difficulty in distinguishing between the involved design. Therefore, even if valid, appellant's design would not infringe the patent.

Affirmed.