**BRADFORD NOVELTY CO., Inc.,**
Plaintiff,

v.

**SAMUEL EPPY & CO., Inc., Defendant.**
No. 18319.

United States District Court
E. D. New York.
May 27, 1958.

Judah B. Felshin, New York City, for plaintiff.

Samuel J. Stoll, Jamaica, for defendant.

ZAVATT, District Judge.

This case was transferred from the United States District Court for the Southern District of New York by the order of Judge Kaufman dated December 16, 1957, as to the moving defendant. As to the defendant's distributor, Magnus M. Manheim, who was a co-defendant in this action, the action was severed by an order of Judge Kaufman dated December 13, 1957. The complaint, as amended, charges the defendant Eppy and its distributor Manheim with infringing plaintiff's patents for Christmas tree ornaments and states a further claim of unfair competition solely as against the defendant Eppy. Thus, one claim for patent infringement against Manheim is pending in the

United States District Court for the Southern District of New York, and one claim for patent infringement and for unfair competition is pending in this court against the defendant Eppy.

The complaint in the action pending in this court alleges that the plaintiff is the owner of two design patents for new, original and ornamental designs for Christmas tree ornaments, to wit, Patent No. 178,826 issued September 25, 1956 and Patent No. 2,803,904 issued August 27, 1957; that the defendant infringes these patents by making and selling "Christmas Tree Ornaments and Decorative Ornaments embodying the patented inventions * * *". It also alleges that the defendant is engaged in unfair trade practices and unfair competition against the plaintiff to the plaintiff's damage in that the defendant obtained valuable and confidential information from Manheim, a former agent of the plaintiff (including a list of plaintiff's customers, the plans of plaintiff for making and selling said ornaments, the plaintiff's methods and means of manufacture), and in that the defendant has produced and sold to plaintiff's customers exact duplicates of plaintiff's ornaments which cannot be told apart from those of the plaintiff. By its answer, defendant Eppy denies the validity of each of plaintiff's patents for lack of invention; alleges that the invention was patented by others more than one year prior to the plaintiff's application for Letters Patent; that plaintiff's patented designs are devoid of substantial novelty and do not constitute patentable inventions; and that the patented designs of the plaintiff are within the skill and ability of those skilled in the art. The answer gives notice to the plaintiff of prior patents issued to others more than one year prior to the patents issued to the plaintiff, as required by 35 U.S.C.A. § 282. The answer does not specifically deny the validity of either of plaintiff's patents on the ground of double patenting but, by a written notice dated and served February 13, 1958, the defendant states that

it will rely in this action on Patent No. 2,794,284 issued June 4, 1957, to the same inventor as an anticipation of Patent No. 2,803,904, one of the patents upon which the plaintiff's claim of infringement is grounded.

Defendant now moves for partial summary judgment as to plaintiff's Patent No. 2,803,904 on the ground that the invention claimed therein is substantially identical with the invention claimed in prior Patent No. 2,794,284 granted on the application of the same inventor approximately two months prior to Patent No. 2,803,904. Defendant maintains that the claim of this prior patent is so clearly co-extensive with the Patent No. 2,803,904 that its co-extensiveness is apparent upon the faces of the two patents, and that the latter of these two patents is invalid as double patenting.

Defendant moves on the affidavit of Jacob B. Burke, a member of the bar of the Court of Customs and Patent Appeals and a registered patent attorney since 1951, who maintains that the patent in suit neither discloses nor claims anything of any mechanical or patentable significance over the earlier patent No. 2,794,284 and, therefore, that the patent in suit involves double patenting and is invalid. All that the defendant has submitted in addition to this affidavit is a copy of Patent No. 2,803,904 in suit and a copy of Patent No. 2,794,-284, the prior patent issued to the plaintiff. Defendant has not submitted the file wrappers of either of these patents. The plaintiff resists this motion with no affidavits but only by the brief of its attorney, who maintains that there is an issue of material fact in this case, namely, the differences in construction of the two ornaments disclosed in the plaintiff's two patents and samples of the ornaments manufactured under each of these two patents.

This court cannot determine from a mere examination of the ornaments submitted and a reading of the claims under the two patents that Pat-

ent No. 2,794,284 in suit lacks the elements that the United States patent laws were intended to protect, or that the claims under plaintiff's Patent No. 2,794,284 anticipate those under plaintiff's Patent No. 2,803,904. The claims of these two patents should be interpreted not only in the light of the specifications but also with reference to the file wrapper history of the prosecution of each of these two patents. Bobertz v. General Motors Corporation, 6 Cir., 1955, 228 F. 2d 94, 97. The court is of the opinion that extrinsic proof is needed. Rothe v. Ford Motor Company, 102 U.S.App.D.C., 331, 253 F.2d 353; that there are issues of fact as to which the testimony of expert witnesses in the setting of a live trial may be important. Vermont Structural Slate Company, Inc., v. Tatko Brothers Slate Company, 2 Cir., 233 F. 2d 9, 10, certiorari denied 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123. And since this motion, if granted, would not resolve all of the issues raised by the pleadings as to infringement, this is not a case where it would be an absurd waste of time and effort to deny the plaintiff's motion for partial summary judgment. Vermont Structural Slate Company, Inc. v. Tatko Brothers Slate Company, supra.

Defendant's motion for partial summary judgment is denied.

■ The plaintiff has moved for a pre-trial conference. This case is hereby set down for a pre-trial conference to be held on the 15th day of October, 1958 at 3:00 P.M. Not later than 50 days in advance of the pre-trial conference, the parties who have appeared in this case shall serve and file with the clerk any desired (1) interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., (2) motions for production pursuant to Rule 34, Federal Rules of Civil Procedure, (3) requests for admission pursuant to Rule 36, Federal Rules of Civil Procedure; and shall also commence any other discovery procedures deemed necessary or desirable. All intended discovery procedures shall be completed prior to the date fixed for the pre-trial conference.

Not later than 40 days in advance of the pre-trial conference, the attorneys for the parties who have appeared in this case shall hold at least one meeting at a mutually convenient time and place for the purpose of formulating a proposed pre-trial order, as hereinafter provided. At this conference of attorneys each attorney shall exhibit to opposing counsel all documents and things embraced within Rule 34, other than those to be used for impeachment, intended to be offered at the trial by each party represented, and each attorney shall make known to opposing counsel his contentions regarding applicable facts and law.

Not later than 20 days in advance of the pre-trial conference, each party appearing shall serve and file with the clerk a Memorandum of Contentions of Fact and Law containing (1) a concise statement of the material facts involved as claimed by each party, (2) a brief statement of the points of law and a citation of the authorities in support of each point upon which such party intends to rely at the trial, and (3) a list of all exhibits such party expects to offer at the trial, other than those to be used for impeachment, with a description of each exhibit sufficient for identification.

Not later than 10 days in advance of the pre-trial conference, each party appearing shall present to the clerk, to be marked for identification in the sequence proposed to be offered, all documents and things intended to be offered by such party as exhibits at the trial, other than those to be used for impeachment. All depositions and all documents containing answers to interrogatories and to requests for admissions, intended to be offered or used at the trial, shall be marked for identification as exhibits.

At the pre-trial conference the court will consider (1) the pleadings, papers and exhibits then on file, including the stipulations, statements and memorandums filed pursuant to this order, (2) all matters referred to in Rule 16, Federal Rules of Civil Procedure, which may be applicable, (3) any other matters

which may be presented relative to parties, process, pleading or proof, with a view to simplify the issues and bring about a just, speedy and inexpensive determination of the case. At or prior to the pre-trial conference the plaintiff shall serve and file with the clerk a proposed pre-trial conference order, approved as to form and substance by the attorney for the defendant, which shall (1) state the nature of the action and designate the parties and list the pleadings which raise the issues; (2) state the ground upon which federal jurisdiction is invoked with a concise statement of the facts requisite to confer such jurisdiction; (3) list each admitted fact, including jurisdictional facts, as to which no proof is required; (4) set forth any objection reserved by any party as to the admissibility in evidence of any admitted fact; (5) list each fact, though not admitted, which is not to be contested at the trial by evidence to the contrary; (6) list each fact which remains to be litigated upon the trial; (7) list each exhibit to be offered at the trial, together with a statement of all admissions by and all issues between the parties with respect thereto, including the genuineness thereof, the due execution thereof, and the truth of relevant matters of fact set forth therein, and a statement of any objections reserved as to the admissibility in evidence thereof; (8) list the issues of law which remain to be litigated upon the trial. The said proposed pre-trial order shall thereupon recite as follows: "The foregoing admissions having been made by the parties and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice."

The plaintiff will settle an order on notice denying the defendant's motion for summary judgment and granting the plaintiff's motion for a pre-trial conference.