**WHITEWAY MANUFACTURING COMPANY, Plaintiff,**

v.

**OSCAR PHILLIPS COMPANY and Adrian E. (Jack) Switzer, Defendants.**

**Civ. A. No. 5227.**

United States District Court
S. D. Ohio, W. D.
July 14, 1966.

J. Warren Kinney, Jr., Cincinnati, Ohio, for plaintiff.

John W. Melville and Ambrose H. Lindhorst, Cincinnati, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN W. PECK, District Judge.

This matter is before the Court under the defendants' motion for summary judgment on the "FIRST CLAIM" of the Complaint on the ground that the design patent which is the subject matter thereof is invalid as a matter of law by reason of the introduction of new matter into the drawings. The motion has been thoroughly briefed and orally argued, and voluminous exhibits and depositions have been submitted and considered in connection with the motion.

Design Patent D-191,531, the design patent in suit, issued pursuant to an application originally filed October 26, 1960; after rejection of that application, an amendment was filed June 30, 1961, which was allowed by the Patent Office August 25, 1961. At issue is whether or not differences in the drawings submitted with the original application and those accompanying the amended application constituted "new matter" as that phrase is used in Rule 118 of the Rules of Practice of the United States Patent Office, which reads as follows:

"Rule 118. *Amendment of Disclosure.* In original applications, all amendments of the drawings or specifications, and all additions thereto, must conform to at least one of them as it was at the time of the filing of the application. Matter not found in either, involving a departure from or an addition to the original disclosure, cannot be added to the application even though supported by a supplemental oath, and can be shown or claimed only in a separate application."

If there is "a departure from" the original disclosure in the present situation, it is to be found in the alteration of certain panels of the device in issue, which is a lighting unit constructed to receive neon tubes, and which the movants claim differ from flat in the original drawings to curved in those accompanying the amended application. Plaintiff argues that there is no "departure from the original disclosure, since the original drawings depict that critical surfaces are there shown to be 'slightly and uniformly curved in a transverse plane.' "

In spite of this contention of the plaintiff, an examination of Fig. 5 (page 4 of defendants' Exhibit 10, Depositions of Edward L. Wolfley, Jr. and David L. Ladd) clearly discloses that the crucial surface (the top of the lighting fixture) is comprised of three flat surfaces. The extensive testimony of the deponents further establishes this fact, as does an examination of the exhibits. A study of the contentions submitted by the plaintiff's experts, viewed in the light of the oral and written arguments of counsel, establishes that they create no genuine issue of material fact (Rule 56(c), Federal Rules of Civil Procedure), since beyond peradventure of doubt the drawings accompanying the amended application show a uniformly curved surface.

It is here determined as a matter of fact and law that the change in this crucial surface constitutes "a departure from" the original disclosure and that Design Patent No. D-191,531 is invalid as a matter of law by reason of the fact that such departure constitutes the introduction of new matter. See American Lava Co. v. Steward, 155 F. 731 (6th Cir. 1907), aff'd, 215 U.S. 161, 30

S.Ct. 46, 54 L.Ed. 139 (1909). See also Bobertz v. General Motors Corp., 228 F.2d 94 (6th Cir. 1955) and Rothe v. Ford Motor Co., 102 App.D.C. 331, 253 F.2d 353 (1958). Accordingly,

It is ordered that defendants' Motion For Summary Judgment as to the "FIRST CLAIM" of the Complaint (Paragraphs IV through VIII) should be and it is hereby sustained.