SEARS, ROEBUCK & CO. v. VALJEAN et al.
No. 5311.

Circuit Court of Appeals, Seventh Circuit.

April 15, 1935.

C. Paul Parker, Earl C. Carlson, and Lincoln B. Smith, all of Chicago, Ill., for appellant.

Franklin M. Warden, of Chicago, Ill., and Carroll R. Taber, of Lansing, Mich., for appellees.

Before EVANS and SPARKS, Circuit Judges, and WOODWARD, District Judge.

WOODWARD, District Judge.

This is an appeal from the final decree of the District Court holding that Valjean patent, No. 1,512,869, for improvements in combustion apparatus, was valid and infringed by appellant as to claims 1, 2, 3, 4, 5, 6, and 9.

The defenses were invalidity and noninfringement.

Appellee Motor Wheel Corporation is an exclusive licensee under the patent in suit and manufactures and sells oil burners for space heating. The alleged infringing burner is manufactured by the Wehrle Company of Newark, Ohio, and is sold by appellant. The patent related to a liquid fuel burner adapted to be set in domestic stoves and ranges.

Claims numbered 1 and 9 are illustrative of the patent in suit and read as follows:

"1. Combustion apparatus, embodying a combustion chamber with an opening, a carbureter shell with an upper discharge opening registering with the combustion chamber opening, the edges of the two openings being spaced apart to form an air entry slot through which air enters in a direction across the axis of the openings, the carbureter shell having air entry openings in its wall, and means to introduce fuel to the carbureter shell."

"9. Combustion apparatus embodying a combustion chamber with a wall having an opening, a carbureter with a wall having an opening registering with the combustion chamber opening, and means to hold the carbureter in such relation to the combustion chamber as to space the two walls and openings apart to form an air inlet slot between the walls through which air enters the openings in a direction transverse of their axis."

The structure disclosed by the claims of the patent comprises two chambers: A lower carburetor shell having a top wall or cover with a central opening, and an upper combustion chamber having a bottom wall or floor with a central opening registering with the opening in the carburetor shell. The two chambers are spaced apart so that the registering edges of the top wall of the carburetor and the bottom wall of the combustion chamber form a circular slot, open to the atmosphere through which the air required for combustion is permitted to enter. Oil is introduced through a supply pipe and drips to the floor of the carburetor shell.

The construction of burners for liquid fuel is old in the art. In general, oil burners were constructed consisting of two parts—the lower part receiving the oil which is heated to form an oil vapor and the upper part in which combustion occurs. In other words, oil burners consisted of a carburetion chamber and a combustion chamber. The lower, or carburetion, chamber was so designed as to admit a supply of air, referred to in the record as "primary air," just above the surface of the oil in sufficient quantity to form a gaseous vapor. The gaseous vapor rises in the carburetor chamber and near its top a supply of air, referred to in the record as "secondary air," is introduced in order that combustion might occur. Both the "primary air" and "secondary air" were introduced either through perforations or slots in the wall of the apparatus. Many prior patents disclose this

process of burning oil and, although differing in detail, operate upon the general principles above described.

Claim 1, which is typical of all the claims, when presented to the Patent Office, included all of the elements of the claim as finally allowed excepting that as presented it contained the words "an air entry slot" but did not contain the words now found in the claim "through which air enters in a direction across the axis of the openings." The claim, as presented, was rejected on the prior art, the examiner in rejecting the claim stating: "Applicant claims an annular slot but there is no patentable distinction between a number of peripheral orifices and a peripheral slot." Thereupon the claim was amended by inserting after the expression "air entry slot" the words "through which air enters in a direction across the axis of the openings." The effect of the amendment was to incorporate into the claim the specific horizontal slot to give direction to the inflowing air. The slot was intended to be an improvement on mere apertures in the wall of the apparatus which were merely intended to permit the entry of air into the cylinder. The essence of the claim, as amended, was to provide a carburetor chamber and a combustion chamber with an air entry slot formed by the edges of two openings spaced apart so that with the edges so formed they are capable of giving direction to the flow of air across the axis of openings.

■ The prior art severely limited the patent in suit. In view of the prior art, the claims of the patent are narrowed and are confined to the particular structure therein described. Also, in view of the history of claim 1 of the patent (which is typical of all the claims), the patentee is only entitled, at most, to the precise device mentioned in the claim. Boyd v. Janesville Hay-Tool Co., 158 U. S. 260, 15 S. Ct. 837, 39 L. Ed. 973. The proceedings in the Patent Office are an important aid in interpreting the claims of the patent. Adam v. Folger (C. C. A.) 120 F. 260; Libbey Glass Manufacturing Co. v. Albert Pick Co. (C. C. A.) 63 F.(2d) 469.

Assuming the validity of the patent, it is limited to a very narrow range of equivalents, and any substantial departure from his specific device would avoid infringement.

■ The two chambers of the accused burner are not spaced apart like the structure of the patent in suit, but are continuous except for a partial removable partition having an opening in its center through which the two chambers communicate, the lower, both for vaporization and combustion, the combustion being completed in the upper radiating chamber. The lower chamber is perforated in the lower portion for the admission of air for vaporization and perforated in its upper portion for admission of sufficient air for complete combustion. In the patent the air to support combustion is drawn through the air entry slot mentioned in the claim. The accused structure does not contain any air entry slot. When appellant's structure is compared with the patent in suit, the two rows of perforations on appellant's structure are not equivalent to the air entry slot as claimed in the patent. The accused device departs from an essential element of the claim and there is no infringement. We hold that the accused device does not infringe the claims of the patent in suit and therefore it is unnecessary to express any opinion as to the validity of the patent.

The decree is reversed and the cause remanded, with directions to dismiss the bill.