## HUGHES et al. v. MAGNOLIA PETROLEUM CO.[*]

### No. 8249.

Circuit Court of Appeals, Fifth Circuit.

March 17, 1937.

*Rehearing denied April 19, 1937.

Frank H. Booth, of San Antonio, Tex., for appellants.

Frank E. Paige and Arthur E. Paige, both of Philadelphia, Pa., and J. Vincent Martin, of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was against defendant as an infringer of letters patent, No. 1,379,690, for an improvement in oil pumps. The prayer was for a decree establishing plaintiff's right under the patent, and enjoining and restraining defendant from using or in any way dealing with it, for injunction, for profits, for actual and statutory damages, and for general relief. There was a decree adjudging that the patent was valid but not infringed, and dismissing the bill. Appellants complain of the finding as based upon an erroneous construction of the patent as for a combination claim, confined without benefit of equivalence, to the identical form disclosed. They insist that this is to misread the proceedings in the patent office as the file discloses them, and the claim of the patent itself; and that to thus unduly limit it is in effect to destroy it. They admit that defendant's accused device exhibits some differences in the arrangement of its parts. They insist that these differences are not material. They insist that these, though devised with the customary cunning of the infringer to provide equivalence in fact while avoiding equivalence in law, do not succeed in doing so.

Appellee, not to be outdone in plain spokenness urges upon us that with a "complete lack of understanding of the fundamentals of patent law" appellants have relied for their proof of infringement upon a comparison of defendant's pump with the broad description of the patent specification rather than with plain-

tiff's device as actually narrowed in the allowed claim. It turns to the patent office file for emphasis upon this point. Citing Sears, Roebuck & Co. v. Valjean (C.C.A.) 76 F.(2d) 592, it calls to our attention how greatly plaintiff's original claims were limited, reduced, and confined by successive rejections and amendments. It points out how, in order to obtain the patent at all for a device "an essential feature of which was a connection of a rack at one end with the pump rod, and slidably disposing the other end against the exterior of the cylinder," appellant was finally compelled to whittle it down almost to the vanishing point. To the point indeed of maintaining that appellant's contribution to the art was, the connecting of the upper end of the rack bar with the piston rod, and the disposing of the lower end of the bar in slidable engagement with the exterior of the cylinder. It points out that appellants finally prevailed and secured a patent only on the argument that the patentable novelty of the invention resided in the particular means employed. In further support of the dismissal of the bill, appellee insists that it should have been dismissed, not alone for infringement, but for want of a valid patent also. It points not only to the patents cited in the patent office proceedings as anticipations but to others overlooked there, particularly the Children patent No. 1,185,059, issued in 1916, for improvements in pumps for transferring oils from a barrel. Appellants counter these contentions by insisting that the failure of appellee to cross-appeal has made binding on it, the finding and decree below that the letters patent were valid. They insist that it may not now attack the decree with a view of enlarging its own rights or lessening the rights of its adversary, it may only support the decree. U. S. v. American Railway Express Company, 265 U.S. 425, 44 S.Ct.

560, 68 L.Ed. 1087; Morley Construction Company v. Maryland Casualty Company, 57 S.Ct. 325, 81 L.Ed. ——, February, 1937. The validity of the patent being established by the decree below, say appellants, this court is confined to considering whether there was infringement, and if appellants prevail on this issue, the decree of dismissal must be reversed. Appellee on its part insists, citing Ottenheimer Brothers v. Libuwitz (C.C.A.) 74 F.(2d) 858, that if there should be a reversal of the decree, the whole matter would stand opened up anew. We need not determine where the right of this contention lies for, while we have the gravest doubts whether appellants' patent is valid at all, we are quite sure that it is so only as to the combination as it is precisely and definitely set out in the allowed claim, and that as so limited appellee's device does not infringe it. The patent claim in suit is as to a device so elemental and so simple, so related to, if not identical with other devices in the same art, that it is difficult to see how patentable invention may be ascribed to it in any form. But we are in no doubt that if there is any invention in it it is entitled to protection only within the narrowest limits, and when confined precisely to the form claimed. Patents on simple combinations should be, they are difficult to obtain. If sustained, they should be, they are confined strictly to the particular combination claimed. Dry Hand Mop Co. v. Squeez-Ezy Mop Co. (C.C.A.) 17 F.(2d) 465. Such patents are not easily infringed for while in principle the doctrine of equivalence is applicable to them, it is only so when most narrowly circumscribed. Shepard v. Carrigan, 116 U.S. 593, 6 S.Ct. 493, 29 L.Ed. 723; Sears, Roebuck & Co. v. Valjean, supra; Edwards v. Johnston Formation Testing Corporation (D.C.) 44 F.(2d) 607.

Affirmed.