242

## LADENSON et al. v. OVERSPRED STOKER CO.

### No. 6024.

Circuit Court of Appeals, Seventh Circuit.

March 29, 1937.

Kent W. Wonnell, of Chicago, Ill., for appellants.

Warren C. Horton and Casper William Ooms, both of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

SPARKS, Circuit Judge.

This action was instituted by appellee under the Declaratory Judgment Act, section 274d of the Judicial Code (28 U.S.C.A. § 400), to determine the validity of United States Patent, No. 1,436,794, to Cotton. The patent was issued November 28, 1922, under an application filed July 27, 1920, and prior to this action was assigned to appellants. The disclosure relates to a mechanical stoker for coal, of the overspread type, in which finely divided coal is distributed ·on top of a fuel bed within the furnace.

The issues raised and relied upon are the validity of the patent's single claim,[1] and infringement by appellee's structures. Both were determined adversely to appellants.

The patent and its file wrapper history, together with appellee's structures and the prior art, are fairly described in the following findings of the District Court:

"(9) The stoker shown by the patent * * * consists of a hopper, at the bottom of which there is a reciprocating pusher box with means for reciprocating it when fuel is to be fed, arid in advance of and below said pusher box, a rotating shaft with a series of blades which throw the fuel upon the fire. All of these elements are common to the patents referred to in Finding No. 6 hereof. (Hodgkinson, No. 869,708; Dinkel, No. 970,432; Swift, No. 1,-140,207; and Smith, No. 1,325,589.) The only feature for which novelty was claimed in the prosecution of the application, was a plate mounted in the hopper between the pusher box and the distributor reel which served as the front wall of the hopper and directed the fuel to a place in front of the pusher box so that it might be pushed into the distributor reel instead of merely flowing there from the hopper.

"(10) The claims sought during the prosecution of the application were repeatedly rejected, both on original examination and by the examiners-in-chief upon appeal. Upon petition for rehearing, the applicant presented a single claim in the form finally allowed, and distinguished from the claims theretofore presented by the inclusion of the words 'a stationary deflector plate between the distributing mechanism and the pusher box.'

"(11) This limitation was admittedly introduced because of the citation * * * of the Swift patent No. 1,140,207, which showed a plate between the pusher box and distributor reel reciprocating with the pusher box, and the Smith patent No. 1,-325,589, which showed a gate 'constructed in the form of a plate or flat bar * * * to control the amount of fuel admitted'

---

[1] "In a device of the type described, the combination with a fuel hopper, of a horizontally movable pusher box below said hopper, a distributing mechanism in front of said pusher box, means for reciprocating said pusher box to deliver to the distributing mechanism, the fuel which descends from the hopper, and a stationary deflector plate between the distributing mechanism and the pusher box for guiding the descending fuel to a place where it may be effectively pushed upon the distributing mechanism by the pusher box."

through the opening between the hopper and the retort in which the distributor reel rotated.

"(12) Petitioner's (appellee's) stokers have the elements common to those of the patent and those of the prior art patents, but in place of the 'stationary deflector plate,' have a plate hung upon a pivot with a cam to give the gate an oscillating motion when the stoker is in operation. The cam is mounted upon a cam shaft which is pawl-driven. This pawl is actuated whenever the pusher box is reciprocated for the purpose of feeding the coal. The pusher box has a range of movement of 1⅝ inches. The lower edge of the plate has a range of movement of ⅞ of an inch, and makes four complete oscillations within this range every minute while the pusher box is in operation. The motion is of course interrupted.

"(13) Swift patent No. 984,715 * * * shows a stoker which has no pusher box but which has an oscillating gate mounted in substantially the same position as that of petitioner (appellee), and is operated by a pin mounted on a large pulley wheel striking a lever which is fastened to the shaft upon which the plate is supported.

"(14) The motion of the reciprocating plate in Swift patent No. 1,140,207 is necessarily interrupted, as every reciprocating motion is interrupted by a brief period of rest at the end of each movement. The motion of the oscillating plate in Swift patent No. 984,715, is clearly intermittent. The movement of the plate in Smith patent No. 1,325,589 is only occasional and infrequent. The plate in Dinkel patent No. 970,432 is movable only for adjustment. These limitations in the art and the file history of Cotton demand that the word 'stationary' in Cotton's claim be read literally and as synonymous with 'immovable' or 'fixed.' Petitioner's plate is not immovable or fixed."

The question of infringement in this case depends upon whether appellee's partially movable plate is an equivalent of appellants' stationary plate, and we think the District Court correctly held that it was not such equivalent. Movable plates in the use here disclosed were old in the art, and the patentee's previous claims were persistently disallowed until he substituted a stationary plate. Under such circumstances appellants will not now be permitted to enlarge the claim beyond that limit which the patentee was required to make in order to secure the patent. Smith v. Magic City Kennel Club, Inc., 282 U.S. 784, 51 S.Ct. 291, 75 L.Ed. 707; I. T. S. Rubber Company v. Essex Rubber Company, 272 U.S. 429, 47 S.Ct. 136, 71 L.Ed. 335; Sears, Roebuck & Co. v. Valjean (C.C.A.) 76 F.(2d) 592; Atkins v. Gordon (C.C.A.) 86 F.(2d) 595; Romort Manufacturing Company v. Service Station Equipment Company (C.C.A.) 87 F.(2d) 225.

We are further convinced that the District Court correctly ruled that the claim was invalid. We think it was clearly anticipated by the prior art patents hereinbefore referred to, and if patentee added anything to the art it amounted to mechanical skill rather than invention.

Decree affirmed.