### SCHILD v. JENNINGS et al.
#### Civ. A. No. 5118.

United States District Court
S. D. Texas, Houston Division.

Dec. 31, 1951.

Spiner & Pritchard, Butler, Binion, Rice & Cook, Murray Robinson, Houston, Tex., for plaintiff.

Hardway, Harwell, Smith & Gwin, Paul A. Smith and Lawrence P. Gwin, Houston, Tex., for defendants.

HANNAY, District Judge.

Plaintiff A. W. Schild, a resident of Harris County, Texas, filed this action in this court on July 20, 1949, against E. L. Jennings and G. E. McClelland, operating and doing business as North Houston Manufacturing Company, seeking damages for the infringement of U. S. Letters Patent No. 2,464,000 issued to plaintiff on March 8, 1949. E. L. Jennings and G. E. McClelland operate the North Houston Manufacturing Company in Harris County, Texas, in this District. The case came on for trial on plaintiff's original petition and defendants' original answer. The principal question involved herein is whether or not an improvement, or advantage resulting from a combination of old elements, especially where no new result is obtained, is patentable. A jury was waived and all issues, including damages, were submitted to the Court.

The Court makes and enters the following findings of fact and conclusions of law:

## Findings of Fact.

1. Plaintiff has been engaged in business in the City of Houston since 1938, manufacturing, selling and installing attic fans. As a part of such business plaintiff installs a louvered grill designed to fit over an opening in the ceiling, and adapted to open automatically when the fan is in operation due to the increase of air pressure as the fan exhausts the air from the area. When the fan is not in operation the grill is designed to close by gravity. Plaintiff at first purchased such grills from other manufacturers and continued to do so for a period of several years until the continuation of the business was virtually halted due to the shortages occasioned by the last war. During the war plaintiff repaired grills and fans but did little or no installation. Prior to February 12, 1946, plaintiff commenced the manufacture of a grill described in his Letters Patent and has continued to do so thereafter.

2. Defendants are engaged in business under the name of North Houston Manufacturing Company, manufacturing attic fans and automatic grills for use in connection therewith. Defendants do no installation work. Defendant, E. L. Jennings, commenced the business in 1944, operating from a small shop in the back yard of his home. In September, 1945, he formed the present partnership.

3. Device manufactured by the defendants, and claimed to infringe, consists of the following:

(a) A frame having therein an opening for the flow of air therethrough.

(b) A set of gravity slats extending across said frame and said opening.

(c) Hinge means connecting said slats to said frame for opening and closing movements for said slats relative to each other to control the flow of air through said opening.

Such device does not contain the following elements claimed in each of the three claims of the patent:

(a) A hinge means comprising loop of flexible material extending around said slats and brought together and fastened to said frame adjacent to one edge of each slat, and

(b) Means to limit opening swinging movements of said slats.

Defendants employ a flexible material hinge made from common adhesive tape, but the hinge is looped through a hole cut in the slat and does not extend around as called for by each of the patent claims. The device has no means to limit opening swinging movement, or means of cooperating with the transverse bar to limit opening movement as described in Claim 2.

4. As early as 1938, louvered grills were in common use wherever attic fans were installed. These grills were of exactly the same structure as that disclosed in patent except that the ends of the slats were hinged to the frame by means of metal clips or staples, usually copper, one driven into the slat and the other into the frame so as to provide connection and a hinge. The operating bar was also hinged to the slat in the same manner and with the same material. During the period 1938 to 1940 plaintiff purchased a number of these grills from two firms operating in Houston, the Singleton Manufacturing Company and the Consolidated Venetian

Blind Company. During the same period automatic grills of the type described in plaintiff's patent were manufactured and sold but were not in common use and comparatively few were sold. The Clipper Manufacturing Company in Houston made and sold a number of grills using a flexible material hinge looped through a hole in the slat and tied to the frame and also looped around the slat and tied to the frame. Flexible material used was mattress binding or tape. The Tex-Fan Company, during the same period, employed a flexible material hinge on grills made and sold by it. This hinge, instead of being looped around or through the ends of the slats, was composed of a strip of cloth tape running the length of the slat, a part of the tape being glued to the slat and the remainder to a thin strip of wood placed across the opening as a part of the frame. During this same period and about 1939, Consolidated Venetian Blind Company experimented with flexible hinges, using venetian blind tape. In this construction a single tape was used for each side of the frame and gathered together in loops sufficiently large to insert the ends of the slats in the loops. This type of grill was not produced commercially.

5. During the war the metal hinge used in the Consolidated and Singleton grill was not available, and plaintiff repaired a number of grills by replacing defective metal hinges with the flexible material hinge described in his patent, using either adhesive tape or ordinary cloth bias tape. Although plaintiff admitted that he later made and sold the patented grill prior to his application he could not recall the number sold nor how long prior to February 12, 1946, the date of his application, such grills were sold, but did testify that he believed it was between the middle and end of the war.

6. J. F. Jennings visited plaintiff's place of business on the 4th or 5th of January, 1945, and was offered for sale one of the patented devices. J. O. Duncan purchased one of the patented grills from the plaintiff in 1942, when his house was remodeled, and produced the grill into court.

7. The Court adjourned and reconvened in the home of T. W. Abrahams at 3013 Arbor Street in the City of Houston, where it viewed in operation an automatic grill manufactured by the Ventmaster Company, successor to the Consolidated Venetian Blind Company, and installed in Mr. Abraham's home during the summer of 1940, where it had been in operation continuously since that time. This grill was of the same construction as that of the device covered by plaintiff's patent with the exception, as before noted, of metal hinges in lieu of flexible material hinges. This grill opened automatically when the fan was in operation and closed by gravity when the fan was shut off. There was no noise made by the grill in opening and closing or while it was being held open by the pressure of the air passing therethrough.

8. The plaintiff admitted on the trial that the grill on which he had secured a patent operated at exactly the same mount as the Singleton and Consolidated type grills. He also testified that the only improvement which he claimed over such grills was the substitution of a flexible hinge. Although the patentee claimed that his device operated without noise and that the Consolidated type grill did not, the Court finds that from the evidence the Consolidated grill, properly constructed, operated without noise also, and that there is therefore no real advantage of improvement over the grills which were in public use long prior to the plaintiff's application for a patent.

Conclusions of Law.

1. This Court has jurisdiction of the parties and subject matter of this action.

2. The substitution of flexible material for the metal staples employed in the manufacture of the Singleton grill and the Consolidated grill, both well known to the public in the vicinity of Houston prior to 1940, and with which grills plaintiff was familiar as early as 1938, does not constitute an invention. An obvious attribute of any flexible material, such as the cloth and adhesive tape disclosed by plain-

tiff, is the fact that it will serve as a light hinge and will be noiseless in its operation. The substitution of this material is a use that would obviously suggest itself to anyone familiar with the problem when confronted with a shortage of other material. This case falls within that class of cases of which Evr-Klean Seat Pad Company v. Firestone Tire & Rubber Co., 8 Cir., 118 F.2d 600; Vischer Products Co. v. National Pressure Cooker Co., D.C., 71 F.Supp. 973; Youngs Rubber Corp. v. Allied Latex Corp., 2 Cir., 188 F.2d 945; and Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644, are examples. I conclude that the patent in suit is void for want of invention.

3. If there should be any invention in the substitution of a flexible material hinge for the other types of hinges in use before 1940, I conclude that the invention disclosed by plaintiff in his patent was anticipated by Herbert Henderson, who made and sold a number of automatic grills employing cloth tape to hinge the slats to the frame as early as 1939.

4. I conclude that there was public use of the patented device more than one year prior to plaintiff's application for the patent on February 12, 1946, and that the same is, therefore, void.

5. I conclude that defendants have not infringed any of the claims of the patent in suit because of their omission from any of the devices manufactured by them of the following elements:

(a) A hinge means comprising loop of flexible material extending around said slats and brought together and fastened to said frame adjacent to one edge of each slat, and

(b) Means to limit opening swinging movements of said slats.

Accordingly, it is ordered, adjudged and decreed that U. S. Letters Patent No. 2,464,000 issued to August W. Schild, of Houston, Texas, on March 8, 1949, for a louver mechanism for attic ventilation, and all three of the claims thereof are invalid.

All costs incurred shall be taxed against the plaintiff.