**J. R. CLARK CO. v. MURRAY METAL PRODUCTS CO., Inc.**

Civ. A. No. 5683.

United States District Court
S. D. Texas, Houston Division.

July 23, 1953.

Defendant admits the ownership of the patent in plaintiff and the jurisdiction of this court, but denies the charge of infringement and the charge of unfair competition, and asserts that the patent is invalid and that the unfair competition allegation has no basis in fact.

The issues thus presented for determination are as follows:

(1) Validity of Claim 1 of the patent in suit.

(2) Infringement of Claim 1 of the patent in suit.

(3) The unfair competition charge.

## Findings of Fact

1.

Plaintiff, The J. R. Clark Company, was incorporated in 1889 as a Minnesota corporation and now has its principal place of business at Spring Park, Minnesota (Pl. Ex. 5).

2.

Defendant, Murray Metal Products Company, Inc., is a Texas corporation with its principal place of business at Houston, Texas (Def. Answer, Par. 2).

3.

The amount in controversy exceeds the sum of $3,000, exclusive of interest and costs.

4.

Plaintiff is the lawful owner of United States Letters Patent No. 2,276,981, in suit, issued March 17, 1942, on an application of Edward T. John, for Ventilating Metal Ironing Table Top, which patent issued to plaintiff as assignee from said John (Pl. Ex. 1 and Stipulation filed at trial).

5.

Defendant had knowledge of the John patent No. 2,276,981, in suit, prior to the commencement of this suit (Answer, Par. 8), and plaintiff has at all times marked its tables with patent notice as required by law (Pl. Ex. 11, and Olander testimony, Tr. pp. 151–152).

6.

The ironing table top defined by Claim 1 of the patent in suit was not disclosed in the earlier filed copending application of John

---

Andrew E. Carlsen and Douglas L. Carlsen, of Minneapolis, Minn., and James F. Weiler, and Fulbright, Crooker, Freeman & Bates, of Houston, Tex., for plaintiff.

Vinson, Elkins & Weems, Joe E. Edwards, J. V. Martin and B. R. Pravel, of Houston, Tex., for defendant.

HANNAY, District Judge.

This is a civil action for alleged infringement of Claim 1 of the patent to John, No. 2,276,981, and an action for unfair competition based upon the use of flat expanded metal in an ironing table top. Plaintiff seeks to restrain the defendant from the alleged patent infringement and unfair competition and asks for an accounting by defendant for damages occasioned by such alleged patent infringement and such unfair competition.

(Serial No. 366,537) which matured into John patent No. 2,320,607, since such earlier filed patent illustrated only a fragmentary section of flat expanded metal (which has been disclosed for use since as early as 1918) without any disclosure concerning the frame structure or the manner of attachment of the top to the frame as disclosed in the patent in suit. During the prosecution of the patent in suit before the Patent Office, the Patent Office ruled that the patent in suit was not a "continuation-in-part" of said earlier filed application and John, during said prosecution, acquiesced in such ruling by changing the designation of the patent in suit to an "improvement" on the earlier filed John patent No. 2,320,607.

I therefore find that the patent in suit is, in fact, an improvement and comprises a separate invention from that of the John patent No. 2,320,607 and therefore must stand on its own filing date of March 8, 1941 (Pl. Ex. 1, 14 and 16).

7.

The Patent Office, in issuing the patent in suit, failed to consider the most pertinent prior art, as follows:

All the publications, Def. Ex. 5

U. S. patent No. 1,154,726—Ramlow—Sept. 28, 1915

U. S. patent No. 1,769,010—Adams—July 1, 1930

U. S. patent No. 1,885,211—Adams—November 1, 1932

U. S. patent No. 2,110,008—Wardwell—Mar. 1, 1938

U. S. patent No. 2,152,168—Anderson—March 28, 1939

U. S. patent No. 2,215,918—Fay—September 24, 1940

8.

Prior to the filing of the John patent in suit, ventilating ironing table tops which allowed for the passage of steam were old and well known in the prior art showed numerous instances of ventilated ironing table tops (Trans. p. 46), as evidenced by the following patents (Def. Exs. 3 and 4):

British patent No. 4,690—von Nawrocki —October 2, 1883

U. S. patent No. 508,595—Barrett—November 14, 1893

U. S. patent No. 1,154,726—Ramlow—September 28, 1915

U. S. patent No. 1,769,010—Adams—July 1, 1930

U. S. patent No. 1,885,211—Adams—November 1, 1932

U. S. patent No. 2,220,962—Kingman—November 12, 1940

U. S. patent No. 2,215,918—Fay—September 24, 1940

9.

Prior to the filing of the John patent in suit, ventilated tops for pressing bucks for ironing machines which function as an ironing surface in the same manner as an ironing table (Trans. p. 292) and which allowed for the passage of steam, thereby preventing condensation, were old and well known, as evidenced by the following patents (Def. Ex. 3):

U. S. patent No. 2,110,008—Wardwell—March 1, 1938

U. S. patent No. 1,682,903—Hadaway—September 4, 1928

U. S. patent No. 1,769,010—Adams—July 1, 1930

10.

Prior to the filing of the John patent in suit, the materials disclosed for use for the ventilated ironing table tops were perforated metal, woven wire or mesh material, metallic open work elements and expanded metal lath, as evidenced by the following patents (Def. Exs. 3 and 4):

U. S. patent No. 1,154,726—Ramlow—September 28, 1915

U. S. patent No. 2,215,918—Fay—September 24, 1940

U. S. patent No. 508,595—Barrett—November 14, 1893

U. S. patent No. 2,110,008—Wardwell—March 1, 1938

U. S. patent No. 1,769,010—Adams—July 1, 1930

U. S. patent No. 1,885,211—Adams—November 1, 1932

U. S. patent No. 2,220,962—Kingman—November 12, 1940

**11.**

Prior to the filing of the John patent in suit, flat expanded metal for use as a table top or top surface, as well as the combination of a flat expanded metal top surface with a framework, were old and well known, as evidenced by the following patents and publications (Def. Exs. 3 and 5):

U. S. patent No. 2,152,168—Anderson—March 28, 1939

"Shelf–X—Flat Surfaced Expanded Steel Sheets", published by U. S. Gypsum Company, November 22, 1935

"Shelf–X—Effects Economies and Important Product Improvements", published by U. S. Gypsum Company, November 22, 1935

"The Red Top Econo Mesh Book", published by U. S. Gypsum Company, January 8, 1936

"Red Top Econo Mesh Products", published by U. S. Gypsum Company, November 2, 1936

I therefore find that tables having a flat expanded metal top on a framework are an old combination and that at most the patent in suit merely discloses a new use of such old combination.

**12.**

Prior to the filing of the John patent in suit, flat expanded metal and its inherent qualities and characteristics were well known and were widely advertised by the manufacturers of flat expanded metal, as evidenced by the following publications (Def. Ex. 5):

"Shelf–X—Flat Surfaced Expanded Steel Sheets", published by the U. S. Gypsum Company, November 22, 1935

"Shelf–X—Effects Economies and Important Product Improvements", published by U. S. Gypsum Company, November 22, 1935

"Red Top Econo Mesh Products", published by U. S. Gypsum Company, November 2, 1936

"Flat Expanded Metal", dated October 12, 1939, published by the Consolidated Expanded Metal Companies, Wheeling, West Virginia

"Expanded Metal Shelves", published by the Consolidated Expanded Metal Companies, Wheeling, West Virginia, May 6, 1936.

**13.**

The disclosures in the prior patents and prior publications make it evident that woven wire, expanded metal lath and flat expanded metal are fully equivalent materials and will all provide ventilation in an ironing table top, and this fact is verified by the admission made by the patentee in his earlier filed patent No. 2,320,607 (Pl. Exs. 14 and 16).

**14.**

The prior publications included in Defendant's Exhibit 5 clearly suggested the *substitution* of flat expanded metal for perforated metal or woven wire in any item where a ventilated or an open mesh-work material had been previously used or was desired (Def. Ex. 5) in view of said prior publications, the *substitution* by the patentee of the patent in suit of flat expanded metal for prior known analogous ventilated materials in an ironing board would be a logical extension of the same idea by a skilled man assigned to the task of designing a ventilated top ironing table (Tr. pp. 116, 346).

**15.**

Woven wire, when used in an ironing table top, provides adequate ventilation and has the capacity for absorbing localized applications of heat without buckling or otherwise distorting the flat and level surface condition thereof, and the only difference between woven wire and flat expanded metal is that the woven wire has a slightly uneven surface but since a pad overlies the top during ironing, this slightly uneven surface will be immaterial to the ironing operation (Tr. p. 116; John patent No. 2,320,607, p. 2, col. 1, lines 29–30).

**16.**

The only improved function which the patentee (John) of the patent in suit alleged for the use of flat expanded metal when it is *substituted* for woven wire material was "faster ironing", but this was

228

admitted by the patentee to be a function resulting from the inherent property of flat expanded metal (Tr. pp. 125–127); furthermore, it was recognized long before the filing date of the patent in suit that ironing table tops which are ventilated produce "faster ironing", as evidenced by the British patent to von Nawrocki, No. 4,690, and U. S. patent to Wardwell, No. 2,110,-008 (Def. Ex. 3).

17.

The *substitution* of flat expanded metal for perforated metal, woven wire or expanded metal lath produces no *new* element, and no *new* function in an ironing table top resulted, and it provides no startling, unexpected, or radical change over the prior art other than the inherent advantages of the flat expanded metal (Tr. pp. 127, 292, 328, 416).

18.

The prior art clearly teaches that the combination of various ventilated tops, such as woven wire and perforated metal, with a framework for support is old; when flat expanded metal is substituted for such prior art ventilated materials, the frame serves the same purpose as the frameworks of the prior art, namely, to support the ventilated top; any advantage in the *substitution* of flat expanded metal for the prior art ventilated metals is due solely to the inherent properties of the flat expanded metal and not to any new cooperation between the framework and the expanded metal; flat expanded metal is old and the results obtained in its use were not surprising or unexpected and could be predicted (Tr., pp. 127, 298, 328, 334, 420; Def. Ex. 3).

I find that the elements of combination in the John patent do not perform any additional or different function in the combination than they perform out of it, and that the John patent was not patentable; nor did it partake of the quality of invention.

19.

The patent in suit discloses a framework having more than one longitudinal frame member united with the peripheral frame member, and Claim 1 of the patent in suit is specifically restricted to a framework including more than one longitudinal member which is united to the peripheral frame member (Pl. Ex. 1).

20.

The defendant's structure has a different framework than the framework in the patent in suit and includes only a single partial longitudinal member (Def. Ex. 14) but in the main plaintiff's ironing table top and the accused ironing table top are similar.

Unfair Competition

1.

Defendant itself never manufactured the ironing table which it sold.

2.

Plaintiff has established that defendant's advertisement (Pl. Ex. 4) was confusingly similar to plaintiff's advertisements (Tr., pp. 265, 266).

3.

Defendant has always advertised its ironing tables and sold them in cartons bearing defendant's own name and trademark (Tr., pp. 217, 265): the general appearance and arrangement, as well as certain descriptive phrases in defendant's advertisements (Pl. Ex. 4), are confusingly similar to many of plaintiff's advertisements (Tr., pp. 265, 266; Pl. Ex. 27). This resulted in unfair advantage to defendant, in that it created the possibility that plaintiff's prospective purchasers might be misled, and also created the likelihood of confusion to the public.

4.

Plaintiff has not established that the appearance of its ironing table top has acquired a secondary meaning, but on the contrary has shown that by its own action in selling its ironing table under other retailers' names, it has caused the appearance of the board to become disassociated with plaintiff (Tr., pp. 226–231, 266–269).

5.

Defendant's ironing table has a different appearance than plaintiff's ironing table, the main similarity being the functional

feature of the flat expanded metal as the top of said table. (Pl. Ex. 4 and Def. Ex. 7).

### Conclusions of Law

**1.**

This court has jurisdiction of the parties and subject matter of this action. 28 U.S. C. § 1338(a) and § 1338(b).

**2.**

■■ The patentee of the patent in suit acquiesced in the Patent Office ruling that the patent in suit is a mere "improvement" over his earlier filed patent application (Serial No. 366,537) which matured into John patent No. 2,320,607, by changing the designation of the patent in suit from "continuation-in-part" to an "improvement" and, therefore, plaintiff is estopped to assert that the patent in suit is entitled to an earlier filing date than March 8, 1941 (filing date of patent in suit). Schriber-Schroth Co. v. Cleveland Trust Co., 1940, 311 U.S. 211, 61 S.Ct. 235, 85 L.Ed. 132. The patentee in the patent in suit admitted in his earlier filed application (Serial No. 366,537) that flat expanded metal and woven wire are equivalents for ironing boards and this admission against interest cannot be denied. Jungerson v. Baden, 2 Cir., 1948, 166 F.2d 807, affirmed 1948, 335 U.S. 560, 69 S.Ct. 269, 93 L.Ed. 235; Lewis Blind-Stitch Mach. Co. v. Arbetter Felling Mach. Co., D.C.N.D.Ill.1913, 208 F. 992, affirmed 7 Cir., 1914, 219 F. 557; Monitor Stove Co. v. Williamson Heater Co., 6 Cir., 1924, 299 F. 1; Sarazin v. Wright Aeronautical Corporation, D.C.S.D.N.Y. 1944, 54 F.Supp. 244.

**3.**

■ Failure of the Patent Office to consider the most pertinent prior art upsets the presumption of validity of the patent in suit. France Mfg. Co. v. Jefferson Electric Co., 6 Cir., 1949, 106 F.2d 605, certiorari denied 1940, 309 U.S. 657, 60 S.Ct. 471, 84 L.Ed. 1006; Lempco Products, Inc., v. Timken-Detroit Axle Co., 6 Cir., 1940, 110 F.2d 307, certiorari denied 1940, 311 U.S. 675, 61 S.Ct. 42, 85 L.Ed. 434; Cutler Mail Chute Co. v. Capitol Mail Chute Corporation, 2 Cir., 1941, 118 F.2d 63, certiorari

denied 1941, 313 U.S. 580, 61 S.Ct. 1096, 85 L.Ed. 1537.

**4.**

■ Claim 1 of the patent in suit is invalid for want of invention because it merely involves the selection and *substitution* of flat expanded metal for other metallic surfaces having openings therein, both flat expanded metal and said metallic surfaces having been known to the public prior to the filing date of the patent in suit. Manufacturers of flat expanded metal, in publications made prior to the filing of the patent, suggested the use and *substitution* of flat expanded metal for other known metallic surfaces having openings therein. The *substitution* of flat expanded metal by John in the patent in suit for other ventilated metal surfaces in ironing boards was, therefore, a logical step for a skilled man designing an ironing table and involved only engineering or mechanical skill. Great Atlantic and Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 1945, 324 U.S. 320, 65 S.Ct. 647, 89 L.Ed. 973; Sinclair & Carroll Co. v. Interchemical Corp., 1944, 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644; Hotchkiss v. M. Greenwood, 1850, 11 How. 248, 52 U.S. 248, 13 L.Ed. 683; General Motors Corp. v. Estate Stove Co., 6 Cir., 1953, 201 F.2d 645, which cites Butex Gas Co. v. Southern Steel Co., 5 Cir., 123 F.2d 954, which case cites two other Fifth Circuit cases,—Atlas Trailers & Water Mufflers v. Gray's Iron Works, D.C., 43 F.2d 191, affirmed, 5 Cir., 54 F.2d 1075, and Carbide & Carbon Chemicals Corp. v. Texas Co., D.C., 21 F.2d 199, affirmed 5 Cir., 31 F.2d 32; Eastern Venetian Blind Co. v. Acme Steel Co., 4 Cir., 1941, 188 F.2d 247, certiorari denied, 342 U.S. 824, 72 S.Ct. 43, 96 L.Ed. 623; Ritchie v. Lewis-Browning Manufacturing Co., Inc., 5 Cir., 1952, 196 F.2d 434; Schild v. Jennings, D.C.S.D.Tex., Dec. 1951, 114 F. Supp. 569.

**5.**

Claim 1 of the patent in suit is invalid for want of invention because it is merely directed to a new use of a well known commercial material. General Electric Co. v.

Jewel Incandescent Lamp Co., 1945, 326 U. S. 242, 66 S.Ct. 81, 90 L.Ed. 43; Dow Chemical Co. v. Halliburton Oil Well Cementing Co., cited supra; R. G. Le Tourneau, Inc., v. Gar Wood Industries, Inc., 9 Cir., 1945, 151 F.2d 432, certiorari denied 1945, 327 U.S. 782, 66 S.Ct. 683, 90 L.Ed. 1010; Pennsylvania Crusher Co. v. Bethlehem Steel Company, D.C.W.D.Pa.1951, 95 F. Supp. 696; Bruen v. Huff, D.C.W.D.Pa. 1950, 100 F.Supp. 713.

### 6.

■ The only alleged differences resulting from the use of expanded metal over the prior known ventilated metal materials in ironing table tops are differences which are inherent in the flat expanded metal itself, which is admitted by the plaintiff to be old; Claim 1 of the patent in suit is therefore invalid because the discovery of latent or inherent properties of an old and well known material does not constitute invention. General Electric Co. v. Jewel Incandescent Lamp Co., cited supra; Pennsylvania Crusher Company v. Bethlehem Steel Co., cited supra.

### 7.

■ The patent in suit employs expanded metal which was a well known material in combination with an old framework without any change in the function of the various elements of the combination and without any new, unexpected, or surprising result. Where all the elements of a combination are old and each element functions in its old and expected way in the combination, there is no invention. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., cited supra; Ritchie v. Lewis-Browning Manufacturing Co., Inc., cited supra; Daniel v. O & M Manufacturing Company, D.C.S.D.Tex., 1952, 105 F.Supp. 336; Sparling v. Marzall, D.C., 109 F. Supp. 922.

### 8.

■ Even though plaintiff's ironing board may have attained commercial success because the public had become "metal minded" when the plaintiff's board was introduced to the market, commercial success, without invention, is not sufficient to sustain a patent. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., cited supra; Ritchie v. Lewis-Browning Mfg. Co., cited supra; Bruen v. Huff, cited supra.

### 9.

Claim 1 of the patent in suit is not entitled to any range of equivalency such as would bring the defendant's structure within the terms of such a claim. Price Trawick, Inc., v. Gas Lift, 5 Cir., 1939, 101 F.2d 134; Hughes v. Magnolia Pet. Co., 5 Cir., 1937, 88 F.2d 817; Texas Rubber & Specialty Corp. v. D. & M. Machine, 5 Cir., 1936, 81 F.2d 206.

### 10.

I find that the combination here involved is the result of mere mechanical skill applied to an idea, or ideas, previously disclosed and does not reveal the flash of creative genius necessary to constitute it an invention. Standard Oil Development Co. v. Marzall, 86 U.S.App.D.C. 210, 181 F.2d 280, citing Paramount Publix Corp. v. American Tri-Ergon Corp., 1935, 294 U.S. 464, 55 S.Ct. 449, 79 L.Ed. 997. This is true even where the combination is superior to any prior apparatus.

### 11.

■ Defendant has committed acts of unfair competition by publishing advertising which was confusingly similar to the advertising of plaintiff. Nims on Unfair Competition & Trade-Marks, 4th Ed., pp. 1094 and 1111; Marshall Mfg. Co. v. Verhalen, Tex.Civ.App.1942, 163 S.W.2d 665; Lewis v. Vendome Bags, Inc., 2 Cir., 108 F.2d 16; Coca Cola Co. v. Dixi-Cola, 4 Cir., 155 F.2d 59.

### 11(a).

Plaintiff has not sustained the burden of proof in establishing that plaintiff's ironing board has acquired a secondary meaning because plaintiff has established that it has permitted its identical ironing boards to be sold under tradenames and trademarks different than its own and under such circumstances that the appearance of plaintiff's ironing board could not possibly be associated exclusively with the plaintiff as the source. Restatement of the Law of Torts, Secs. 741 and 742; Zangerle & Peterson Co. v. Venice Furniture Novelty

Mfg. Co., 7 Cir., 1943, 133 F.2d 266; James Heddon's Sons v. Millsite Steel, D.C., 35 F.Supp. 169, affirmed 6 Cir., 1942, 128 F.2d 6 certiorari denied 1942, 317 U.S. 674, 63 S.Ct. 79, 87 L.Ed. 541; Murphy Co. v. Metal Stamping Co., D.C.E.D.N.Y., 1914, 214 F. 382.

11(b)

■ The flat expanded metal of plaintiff's ironing board cannot acquire a secondary meaning because it is functional in that the diamond-shaped openings are the result of the old and well known process for manufacturing this metal commercially. Restatement of the Law of Torts, Sec. 742; Lektro-Shave Corp. v. General Shaver Corp., 2 Cir., 1937, 92 F.2d 435; Smith, Kline & French Laboratories v. Waldman, D.C.E.D.Pa., 1946, 69 F.Supp. 646; Maytag Co. v. Meadows Mfg. Co., 7 Cir., 1929, 35 F.2d 403, certiorari denied 1930, 281 U.S. 737, 50 S.Ct. 250, 74 L.Ed. 1151.

12.

Defendant's counterclaim, appended to its Answer, for a Declaratory Judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 1346, 2671 et seq., should be dismissed.

13.

Defendant's Motion for Dismissal of the Complaint herein, made during the trial, is denied.

14.

I, therefore, find that Claim 1 of United States Letters Patent No. 2,276,981, issued to Edward T. John on March 17, 1942, for a Ventilating Metal Ironing Table Top is invalid for anticipation and lack of invention and not infringed by the defendant. I further find, however, that defendant is guilty of unfair competition.

I award no damages in favor of plaintiff, but plaintiff is granted an injunction restraining the defendant from future acts of unfair competition in advertising its ironing table.

Neither side is awarded any attorneys' fees, and the award of costs shall be three-fourths against the plaintiff and one-fourth against the defendant.

Clerk will notify counsel.